UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| In Re *Ex Parte* Application of SAAD KHALID S. ALJABRI,<br><br>  Applicant,<br><br>for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in a Foreign Proceeding | Case No. _____ |

**MEMORANDUM OF LAW IN SUPPORT OF DR. SAAD ALJABRI'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

i

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................................... 1

ARGUMENT ................................................................................................................................. 4

CONCLUSION ............................................................................................................................. 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Abubakar*, 696 F. Supp. 3d 479, 487 (N.D. Ill. 2023) ...................................................... 6

*Application of Sarrio*, No. M 9-372, 1995 WL 598988 (S.D.N.Y. Oct. 11, 1995) ...................... 6

*In re Banco Mercantil del Norte, S.A.*,
    126 F.4th 926 (4th Cir. 2025) ................................................................................................ 5

*Intel Corp. v. Advanced Micro Devices, Inc.*,
    542 U.S. 241 (2004) ............................................................................................................... 5

*Mangouras v. Squire Patton Boggs*, 980 F.3d 88 (2d Cir. 2020) ............................................ 5-6

*In re Newbrook Shipping Corp.*,
    31 F.4th 889 (4th Cir. 2022) .................................................................................................. 1

*Sakab Saudi Holding Co. v. Aljabri*,
    578 F. Supp. 3d 140 (D. Mass. 2021) .................................................................................... 3

*Sakab Saudi Holding Co. v. Aljabri*,
    58 F.4th 585 (1st Cir. 2023) ................................................................................................... 3

*United States v. Zubaydah*, 595 U.S. 195, 212 (2022) .............................................................. 6

**Statutes**

28 U.S.C. § 1782 ............................................................................................... 1, 3, 4, 5, 6

**Other Authorities**

David Ignatius, *This Former Intelligence Official Was a Hero. He's Now the
    Target of a Brutal Campaign by bin Salman*, Wash. Post (May 28, 2020) ........................... 1

Letters from Sens. Patrick Leahy, Tim Kaine, Chris Van Hollen, and Marco
    Rubio to President Donald Trump (July 7, 2020) ................................................................. 1

Dr. Saad Khalid S. Aljabri (the "Applicant" or "Dr. Saad"), by and through his undersigned counsel, respectfully moves for an order pursuant to 28 U.S.C. § 1782 ("Section 1782") authorizing him to obtain the testimony of certain former U.S. government officials (the "U.S. Witnesses") for use in a civil action in Canada.[1]

## BACKGROUND

Dr. Saad is a former senior Kingdom of Saudi Arabia intelligence official who dedicated his career to establishing and bolstering the security partnership between the United States and Saudi Arabia in the face of serious threats to both. He has been credited with "sav[ing] Saudi and American lives, in the kingdom and outside."[2] And members of Congress have called Dr. Saad "a close U.S. ally and friend," emphasizing that he "was a highly valued partner of our Intelligence agencies and the Department of State during the past two decades" whose "work was of vital importance to U.S. counterterrorism efforts in the post 9/11 era."[3]

Dr. Saad is currently a defendant in an action in the Superior Court of Justice in Ontario (the "Canadian Action"), in which the plaintiffs—entities controlled by Saudi Crown Prince Mohammed bin Salman—falsely allege that Dr. Saad misappropriated funds for his own personal gain. Dr. Saad strongly contests the allegations of fraud, and has asserted, among other defenses, that the payments at issue were made in connection with covert counterterrorism operations and

---

[1] The Applicant moves to file this application *ex parte*, as is standard for Section 1782 applications. *See e.g.*, *In re Newbrook Shipping Corp.*, 31 F.4th 889, 892 (4th Cir. 2022).

[2] David Ignatius, *This Former Intelligence Official Was a Hero. He's Now the Target of a Brutal Campaign by bin Salman*, Wash. Post (May 28, 2020), https://www.washingtonpost.com/opinions/2020/05/28/this-former-intelligence-official-was-hero-hes-now-target-brutal-campaign-by-mbs/.

[3] Letter from Sens. Patrick Leahy, Tim Kaine, Chris Van Hollen, and Marco Rubio to President Donald Trump 1 (July 7, 2020), https://web.archive.org/web/20200709181941/https://twitter.com/SenatorLeahy/status/1281281725499408386.

1

to compensate Dr. Saad for his work on the same. *See* Declaration of John Adair ("Adair Decl.") ¶ 3. In an April 25, 2025 order (the "Witness Order"), the Canadian court authorized Dr. Saad to obtain the testimony of former "U.S. security officials," finding that their testimony could help corroborate Dr. Saad's defenses and would thereby assist the Canadian court in making findings on contentious issues. *Id*. ¶ 4. With trial in the Canadian Action scheduled for April 2026, this application seeks the testimony of former U.S. government officials.

In July 2025, following the Canadian court's issuance of the Witness Order, counsel for Dr. Saad was contacted by attorneys from the Federal Programs Branch of the Civil Division of the United States Department of Justice. *See* Declaration of Jason P. Hipp ("Hipp Decl.") ¶ 4. When Counsel for Dr. Saad informed the Department of Justice as a courtesy that he intended to file the instant Section 1782 application, the Department of Justice communicated that it would review those filings and recommended that Dr. Saad "hold on filing" pending that review. *Id*. After review of the draft application, citing national security concerns the Department of Justice asked counsel for Dr. Saad to remove relevant information from the draft application, including the identities of U.S. Witnesses, key pleadings in the Canadian action, and the Canadian Court's order authorizing the former U.S. security officials' testimony. *See id*. ¶ 5.

The United States also informed counsel for Dr. Saad that it would oppose the forthcoming application. *See* Ex. A to Hipp Decl. The United States stated it "believe[s] the information" Dr. Saad seeks from the U.S. Witnesses—namely, the testimony the Canadian Court authorized from "U.S. security officials" regarding Dr. Saad's "role in counter-terrorism activities, how this affected his compensation, and the need for secrecy in respect of payments," Adair Decl. ¶ 4—"is subject to a previously asserted state secrets privilege that has been fully litigated" in the United

2

States District Court for the District of Massachusetts "and affirmed by the First Circuit in *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585 (1st Cir. 2023)." Ex. A to Hipp Decl.

In that Massachusetts litigation, which was an attempt to enforce a pre-merits asset freeze the plaintiffs obtained in the same Canadian Action, the United States asserted the state secrets privilege over "information concerning sources, methods, capabilities, activities, or interests of the [U.S. Intelligence Community], as well as information that might tend to reveal or disclose the identities of U.S. Government employees, affiliates, or offices with whom one or more of the parties or the Kingdom of Saudi Arabia may have had certain interactions and the disclosure of which would be damaging to U.S. national security interests." *See* Declaration of Avril Haines ¶ 12, *Sakab Saudi Holding Co. v. Aljabri*, No. 21-CV-10529 (D. Mass. Aug. 27, 2021), ECF No. 47-1. This information "specifically include[d] information known to [Dr. Saad] about such matters that he seeks to introduce or disclose in this action … as part of his response and defense to pending claims and motions." *Id*. On the basis of the United States' assertion of the state secrets privilege, the district court dismissed the action. *Sakab Saudi Holding Co. v. Aljabri*, 578 F. Supp. 3d 140 (D. Mass. 2021), *aff'd*, 58 F.4th 585 (1st Cir. 2023).

Now, the United States asserts that the information Dr. Saad seeks pursuant to this application is similarly privileged and therefore may not be compelled under 28 U.S.C. § 1782(a), which states, "A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege."

Dr. Saad takes his obligations seriously, including his commitment to protecting sensitive information. And Dr. Saad does not dispute the United States' assertion that this application seeks "information concerning sources, methods, capabilities, activities, or interests of the [U.S. Intelligence Community], as well as information that might tend to reveal or disclose the identities

3

of U.S. Government employees, affiliates, or offices with whom one or more of the parties or the Kingdom of Saudi Arabia may have had certain interactions." *See* Declaration of Avril Haines ¶ 12, *Sakab Saudi Holding Co. v. Aljabri*, No. 21-CV-10529 (D. Mass. Aug. 27, 2021), ECF No. 47-1.[4] But it is an open question whether the state secrets privilege asserted in the Massachusetts litigation is a "legally applicable privilege" under Section 1782, given that the testimony is now sought for a foreign litigation. Here, the Canadian court specifically requested the issuance of process as necessary to compel the U.S. Witnesses to testify and did so notwithstanding the United States' assertion of the state secrets privilege in Massachusetts and the First Circuit's affirmance of the dismissal of the Massachusetts litigation on that basis. The Canadian Court recognized the importance of the U.S. Witnesses' testimony to corroborating Dr. Saad's defenses and its value to the Court in resolving "contentious issues." *Id.* ¶ 4.

Because the testimony is critical to Dr. Saad's ability to defend against the false charges that have been levied against him in the Canadian Action, *see* Adair Decl. ¶ 5, the Court should find that the previously-asserted state secrets privilege is not a "legally applicable privilege" for purposes of Section 1782 and therefore the application should be granted.

**ARGUMENT**

Section 1782 authorizes "[t]he district court of the district in which a person resides or is found [to] order him to give his testimony or statement . . . for use in a proceeding in a foreign or

---

[4] The Department of Justice has indicated that it may raise other objections to Dr. Saad's application beyond its invocation of the state secrets privilege. Ex. A to Hipp Decl. at 2. However, other objections to the testimony would likely require Dr. Saad to make arguments with reference to the substance of the material that is subject to the state secrets privilege, including, *e.g.*, the identity of the U.S. Witnesses. Therefore, the Court should first resolve the United States' state secrets objection.

international tribunal." Pursuant to Section 1782, Dr. Saad seeks this Court's assistance in obtaining testimony from the U.S. Witnesses, who either reside or are found in this District.

All statutory requirements of Section 1782 are met here. The U.S. Witnesses reside or are found in this District. *See* Hipp Decl. ¶ 6. The discovery is sought "for use" in the Canadian Action, as evidenced by the Canadian Court's order authorizing the testimony. *See* Adair Decl. ¶¶ 4-5; *see In re Banco Mercantil del Norte, S.A.*, 126 F.4th 926, 931 (4th Cir. 2025) (to satisfy the "for use" requirement, the applicant "need only show that 'there is a reasonable possibility that the evidence sought will be employed with some advantage or serve some use in [a foreign] proceeding'"). And Dr. Saad is an "interested person" in the Canadian Action because he is a defendant in that case. *See* Adair Decl. ¶ 3; *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004).

Additionally, this application satisfies all the discretionary factors set forth in *Intel Corp.*, 542 U.S. at 264-65: (i) the U.S. Witnesses are not parties to the Canadian Action, Adair Decl. ¶ 6; (ii) the Canadian court is receptive to judicial assistance from a United States court, *id.* ¶¶ 7, 9; (iii) Dr. Saad is not attempting to circumvent foreign proof-gathering restrictions, and Canadian courts have been receptive to Section 1782 applications under similar circumstances, *id.*; and (iv) the discovery sought is not unduly burdensome, particularly when compared to the significant need for the testimony, *id.* ¶ 10.

While there is no dispute that the information sought is within the scope of the state secrets privilege previously asserted by the United States, the information should nonetheless be compelled because Dr. Saad has a significant need for the information to defend himself in accordance with the Canadian court's order authorizing the testimony. It is an open question whether U.S. or Canadian law would govern the invocation of the privilege, *see, e.g., Mangouras v. Squire Patton Boggs*, 980 F.3d 88, 98-99 (2d Cir. 2020) (describing test to determine which

competing national law governs the "legally applicable privilege" analysis), and under Canadian law, a court would balance the injury to national security with the importance of the evidence to the party's case, Adair Decl. ¶ 8.

Further, while Section 1782 provides that a "person may not be compelled to give his testimony or statement . . . in violation of any legally applicable privilege," 28 U.S.C. § 1782(a), no court to our knowledge has ever held that the state secrets privilege qualifies as such a privilege. *See, e.g., Application of Sarrio*, No. M 9-372, 1995 WL 598988, at *3 (S.D.N.Y. Oct. 11, 1995) (considering implications of attorney-client privilege on Section 1782 application). The United States has previously asserted that the state secrets privilege so qualifies, but the Supreme Court later denied the discovery without ruling on that issue. *Compare* Brief for the United States, *United States v. Zubaydah,* 2021 WL 2856469, at *22 (U.S. Jul. 2, 2021) (arguing that Section 1782 discovery was not permitted "because the information central to this case is protected by a 'legally applicable privilege,' 28 U.S.C. 1782(a), namely, the state-secrets privilege"), *with United States v. Zubaydah*, 595 U.S. 195, 212 (2022) (concluding that state secrets privilege asserted directly in that case applies to the information sought without reaching statutory interpretation question). There are good reasons to find the state secrets privilege is not a "legally applicable privilege" in this case. The Canadian Court authorized Dr. Saad to seek the testimony in order to corroborate Dr. Saad's defenses and to aid the Court in resolving "contentious issues." Adair Decl. ¶ 4. Out of comity to that Court's order, this Court should therefore find that the previously-asserted state secrets privilege is not a "legally applicable privilege" for purposes of Section 1782. *See In re Abubakar*, 696 F. Supp. 3d 479, 487 (N.D. Ill. 2023) ("In short, the animating purpose behind § 1782 is comity and cooperation with foreign proceedings.").

## CONCLUSION

For these reasons, Dr. Saad respectfully requests that this Court grant his *ex parte* application for an order under Section 1782 to take discovery for use in a foreign proceeding.

Dated: October 27, 2025

                                                    Respectfully submitted,

By: */s/ Jan A. Larson*

    Jan A. Larson (VSB# 76959)
    Jenner & Block LLP
    515 S. Flower Street
    Suite 3300
    Los Angeles, CA 90071
    213-239-2273
    janlarson@jenner.com

    Lindsay Harrison (*pro hac vice* forthcoming)
    Jenner & Block LLP
    1099 New York Avenue, N.W.
    Suite 900
    Washington, DC 20001
    202-639-6865
    lharrison@jenner.com

    Jason P. Hipp (*pro hac vice* forthcoming)
    Jenner & Block LLP
    1155 Avenue of the Americas
    New York, NY 10036
    212-407-1784
    jhipp@jenner.com

    *Counsel for Applicant Dr. Saad Khalid S. Aljabri*