# EXHIBIT A



**U.S. Department of Justice**
Civil Division
Federal Programs Branch

*Office of the Director*  *Washington, DC 20530*

Lindsay Harrison, Esq.
Jason Hipp, Esq.
David Pressman, Esq.
Jenner & Block
1099 New York Avenue NW, #900
Washington, DC 20001

      RE: 28 U.S.C. § 1782 Petition to Compel Testimony for Use in Foreign Tribunal

Dear Counsel:

      We write to you regarding the petition that you intend to file in the U.S. District Court for the Eastern District of Virginia seeking the testimony of certain former U.S. government officials in a foreign proceeding pursuant to 28 U.S.C. § 1782 ("Section 1782"). We appreciate that you have lodged a proposed petition with the Court Security's Office at our request to ensure the proper handling of any potentially classified information.

      Upon reviewing your proposed petition, we believe the information your client seeks is subject to a previously asserted state secrets privilege that has been fully litigated and affirmed by the First Circuit in *Sakab Saudi Holding Co. v. Aljabri*, 58 F.4th 585 (1st Cir. 2023). In that case, the "basic theory of [the plaintiff] Sakab's case is that [your client] misappropriated massive sums of money from Sakab" through various transactions, which your client maintained were legitimately made in connection with his work with, "or at least alongside, the U.S. Intelligence Community." *Id.* at 598. As the First Circuit recognized, adjudicating the nature of those transactions would require "evidence about [your client's] role and relationships with U.S. agencies, the degree of [his] authority, how he participated in the programs and operations, who else was involved, the existence and execution of the operations themselves, who authorized and paid for them, and who then directed payment to or through [him]." *Id.* at 598. "All of this," the First Circuit explained, is suffused with sensitive information," and any discovery of it would "risk[] disclosure of information that has been swept into oblivion by the incredibly broad privilege assertion." *Id.* Indeed, the "wide swath of information" covered by the privilege also includes, among other things, "information that might tend to reveal or disclose the identities of U.S. Government employees, affiliates, or offices with whom one or more of the parties or the Kingdom of Saudi Arabia may have had certain interactions." *Id.* 598, 591. "[T]he disclosure of [such information]," the First Circuit noted, "would be damaging to U.S. national security interests." *Id.* at 591

As you know, under Section 1782, "a person may not be compelled to give his testimony ... in violation of any legally applicable privilege." 28 U.S.C. § 1782(a). We believe the state secrets privilege asserted and adjudicated in *Sakab* is such a privilege, and accordingly, if you file your planned Section 1782 petition to compel the testimony identified in your proposed petition, we will take steps to oppose your petition on that ground to protect against the disclosure of state secrets. We also reserve the right to assert any other available grounds in opposition to such a petition.

Sincerely,

Alexander K. Haas
Director
Federal Programs Branch