UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

---

**In Re** *Ex Parte* **Application of SAAD KHALID S. AL JABRI,**

              **Applicant,**

**for an Order Pursuant to 28 U.S.C. § 1782 to Take Discovery for Use in a Foreign Proceeding**

Case No. _____

---

**DECLARATION OF JOHN ADAIR IN SUPPORT OF
DR. SAAD ALJABRI'S *EX PARTE* APPLICATION FOR AN ORDER PURSUANT
TO 28 U.S.C. § 1782 TO TAKE DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

I, JOHN ADAIR, declare as follows:

1. My name is John Adair. I am an attorney and partner at Adair Goldblatt Bieber LLP, a law firm in Toronto, Canada. I have been admitted to the Bar of Ontario since 2006. I received my JD degree from the University of Toronto in 2005, and my BA.H degree from Queen's University in 2001.

2. I make this declaration in support of the application of Dr. Saad Khalid S. Aljabri ("Dr. Saad") pursuant to Section 1782 to obtain witness testimony from certain former U.S. government officials (the "U.S. Witnesses") for use in a civil action pending in the Ontario Superior Court of Justice ("Commercial List") in Canada. *See Sakab Saudi Holding Co. v. Saad Khalid S Al Jabri*, No. CV-21-00655418-00CL (Ontario Sup. Ct. (Commercial List)) (the "Canadian Action").[1]

---

[1] I understand that the U.S. Department of Justice has asked that we not identify the U.S. Witnesses in these public files, as explained in the accompanying Declaration of Jason P. Hipp.

1

3. I represent Dr. Saad in the Canadian Action, where he is a defendant. In that case, the plaintiffs allege that Dr. Saad committed financial fraud in the course of his work in the government of the Kingdom of Saudi Arabia. Dr. Saad's primary defense is that the allegedly fraudulent payments were authorized and legitimate, and that the payments at issue were made in connection with covert counterterrorism operations and to compensate Dr. Saad for his work on the same.

4. With trial in the Canadian action scheduled for April 2026, Dr. Saad moved earlier this year for leave to issue letters of request seeking the assistance of foreign courts to take the evidence of witnesses outside Ontario for use at trial. Dr. Saad sought and obtained leave of the Ontario court to obtain testimony from four of the U.S. Witnesses, who he understands would help corroborate his defenses. On April 25, 2025, the Ontario court granted his request (the "Witness Order"), recognizing that the testimony of these U.S. Witnesses may corroborate Dr. Saad's testimony. Their testimony would "assist the court in making findings in respect of [certain] contentious issues," because while Dr. Saad "is able to testify about his own role in counter-terrorism activities, how this affected his compensation, and the need for secrecy in respect of payments" from the Saudi government, the U.S. Witnesses may be able to corroborate Dr. Saad's testimony on these issues. The Court thus issued letters of request seeking the assistance of the U.S. courts in obtaining the testimony from four of the U.S. Witnesses.

5. The testimony of the U.S. Witnesses is critical to establishing Dr. Saad's primary defense in the Ontario litigation: namely that money he is alleged to have embezzled from the government of Saudi Arabia was in fact allocated to him by the Kingdom of Saudi Arabia and needed to be financed through mechanisms that obfuscated the source of the payments. The testimony sought by this application is directly relevant to such a defense, and would be of

significant value to the Canadian Action, as the Ontario court recognized in authorizing the testimony.

6. There are no other means of obtaining the U.S. Witnesses' testimony. The U.S. Witnesses are not participants in the Canadian Action, and as U.S.-based persons, they are not within the jurisdiction of the Canadian courts. As a result, the evidence sought here will be unobtainable absent this Court's assistance.

7. Granting Dr. Saad's application would not run afoul of any proof-gathering restriction under Canadian law. The Ontario court has specifically requested the cooperation of the U.S. courts in securing this testimony. There are to my knowledge no restrictions under Canadian or Ontario law that would prevent Dr. Saad from seeking the testimony requested in the application.[2] Canadian courts are generally receptive to judicial assistance from U.S. courts and offer similar assistance to U.S. litigants seeking discovery found in Canada.

8. Under Canadian law, a court would balance the public interest in disclosure against the public interest in non-disclosure (which, in practice, has tended to mean injury to national security versus the importance of the evidence to the party's case). *Canada (Attorney General) v. Hutton*, 2023 FCA 45; *Canada (Attorney General) v. Khawaja*, 2007 FCA 388 ¶ 8, as cited and confirmed in *Sakab Saudi Holding Company v. Canada (Attorney General)*, 2024 FCA 92 ¶ 24.

9. I am aware of many cases in which U.S. courts have granted Section 1782 applications to take discovery for use in the courts of Canada (including Ontario), and Canadian courts are receptive to such assistance. "A Canadian court generally will be reluctant to prevent

---

[2] I have been informed that the U.S. Department of Justice has requested that this application not attach the Witness Order because it contains information subject to the state secrets privilege. Out of respect for U.S. national security interests, and in view of the United States' position that drafts of this application with the Witness Order contained "potentially classified information," *see* Ex. A to Hipp Decl., I have not included the Witness Order as an exhibit to my declaration.

someone from gathering evidence extraterritorially, as its ultimate admissibility in a Canadian proceeding will be determined by the Canadian courts." *Vitapharm Canada Ltd. v. F. Hoffman-LaRoche Ltd.*, 2001 CanLII 28239 ¶¶ 45, 50 (Ontario Superior Court of Justice Jan. 26, 2001) (finding that "a [Section 1782] request made through means lawful in the United States, does not violate the rules and procedure of this court"). These principles are all the more applicable here, where the Ontario court has specifically requested this Court's assistance in securing the testimony at issue.

10. Finally, the discovery sought is not unduly burdensome, particularly when weighed against the importance of the testimony to Dr. Saad's defenses and the significant issues at stake in a trial in which the plaintiffs are seeking in excess of $5 billion in damages. The U.S. Witnesses would not need to appear before April 2026, and could provide their testimony remotely.

***

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in Toronto, Ontario

This 27 day of October, 2025.

By: _____
John Adair